178 F.3d 95
 SENECA NATION OF INDIANS, Plaintiff-Appellee,
United States of America, Plaintiff-Intervenor-Appellee,
v.
STATE OF NEW YORK; George E. Pataki, as Governor; Joseph
Seymour, as Commissioner of the Office of General Services;
and Bernadette Castro, as Commissioner of Parks, Recreation
and Historic Preservation, Defendants-Appellants,
Frederick W. Tapp, Jane E. Schuck, Kent Sandford, Richard J.
McCutcheon, Beverly A. McCutcheon, Albert A. Hoffman, Lucy
Hoffman, Myles Barraclough, Sandra Barraclough, Duane G.
Glover, Paul H. Geer, Virginia M. Geer, Scott E. Fisher,
Rosemary N. Fisher, William E. Campbell, David J. Gibson,
Clarence J. Coffman, Jr., C. James Coffman, Sr., Jean
Coffman, Eileen W. Garling, Robert F. Van Der Horst, Susan
F. Van Der Horst, Joseph Chiapuso, Susan Chiapuso, Howard B.
Whitney Estate, Deborah Baldwin, Robert L. Jones, Eugenia
Jones, Stephen M. Kane, Clarence J. Coffman, Sr., Howard L.
Luzier, Florence Luzier, Walter L. Whitney, Executor, Louise
Hickey, Phillip Confer, Shirley Confer, David C. Williams,
and Frances E. Williams, Defendants.
Seneca Nation of Indians, Plaintiff-Appellee,
Tonawanda Band of Seneca Indians, Plaintiff-Intervenor-Appellee,
United States of America, on its own behalf, and for the
benefit of the Seneca Nation of Indians and the
Tonawanda Band of Seneca Indians,
Plaintiff-Intervenor-Appellee,
v.
State of New York, Individually and as a representative
class of landowners similarly situated, Defendant-Appellant,
The New York State Thruway Authority; Erie County; Moore
Business Forms, Inc., Individually and as a representative
of a class of landowners similarly situated; Inducom, Inc.,
Individually and as a representative class of landowners
similarly situated; Rado-O-Mart, Inc., Individually and as a
representative class of landowners similarly situated; Ilona
H. Lang, Individually and as a representative class of
landowners similarly situated; Robert W. Weaver,
Individually and as a representative class of landowners
similarly situated; Francis B. Pritchard, Defendants,
George E. Pataki, Bernadette Castro, Ronald W. Coan, John
Cahill, Joseph Boardman, John R. Platt,
Intervenors-Defendants.
 Docket Nos. 99-6003, 99-6005.
 United States Court of Appeals,
Second Circuit.
 Argued April 26, 1999.
Decided May 17, 1999.
 
 Andrew D. Bing, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York; Peter H. Schiff, Acting Solicitor General; Nancy A. Spiegel, Assistant Attorney General, of counsel), Albany, New York, for Defendants-Appellants.
 Jeanne S. Whiteing, Whiteing & Smith (Robert P. Isaac, Jr., Deputy Attorney General, Seneca Nation Department of Justice, Salamanca, New York; Arlinda F. Locklear, Jefferson, Maryland, of counsel), Boulder, Colorado, for Plaintiff-Appellee.
 Samuel C. Alexander, Attorney, Environment & Natural Resources Division, U.S. Department of Justice (Lois J. Schiffer, Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice; David C. Shilton, Attorney, of counsel), Washington, D.C., for Plaintiff-Intervenor-Appellee United States of America.
 Steven M. Tullberg, Indian Law Resource Center (June L. Lorenzo and Alexandra Page, of counsel), Washington, D.C., for Plaintiff-Intervenor-Appellee Tonawanda Band of Seneca Indians.
 Before: WINTER, Chief Judge, MINER, and POOLER, Circuit Judges.
 PER CURIAM:
 
 
 1
 We affirm the orders of the district court denying the State of New York's Eleventh Amendment defenses for substantially the reasons stated by Judge Curtin in the decision below. See Seneca Nation of Indians v. State of New York, 26 F.Supp.2d 555, 563-65 (W.D.N.Y.1998). In doing so, we note that the State of New York retains its Eleventh Amendment immunity to the extent that the Seneca Nation of Indians or the Tonawanda Band of Seneca Indians raise claims or issues that are not identical to those made by the United States. See Arizona v. California, 460 U.S. 605, 614, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) (holding that granting tribes leave to intervene in suit commenced by United States against states does not violate Eleventh Amendment because "[t]he Tribes do not seek to bring new claims or issues against the states").